LIONEL P. KRISTELLER et al., complainants-respondents,

*v.*

SADIE N. EISENBERG et al., defendants-appellants.

[Decided September 27th, 1934.]

On appeal from a decree of the court of chancery advised by Vice-Chancellor Stein, who filed the following opinion:

"Complainants are the executors of the estate of Emma D. Tanenbaum, deceased, who died June 2d, 1925. As such executors, they came into possession as part of the assets of the estate of an option to purchase real estate situated in Commerce street, Newark, New Jersey, owned by the Fleissner Realty Company, for $37,500. The option was to Samuel Tanenbaum, the deceased husband of Emma D. Tanenbaum, who became possessed thereof by the terms of her husband's will.

"In November, 1927, the complainants, as executors of the estate of Emma D. Tanenbaum, filed bill of complaint to compel the specific performance of the option. Prior to the commencement of suit against the Fleissner Realty Company the executors entered into a contract to sell the property to the Gilbert Realty Company for $83,600, so that the option was quite valuable. Later, however, the Gilbert Realty Company declined to take the title because of an alleged encroachment.

"About the time of the final hearing on the bill for specific performance, the Fleissner Realty Company agreed to convey to the complainants as executors, or to their nominees, as provided in the option in settlement of the suit. The arrangement with the Gilbert Realty Company having ended for the reason stated, it further appears from the testimony that the executors and the heirs entertained the hope that the property would be condemned by the state highway commission, and a conference was held between the executors, the defendants, Sadie H. Eisenberg, her husband, Morris, and the remaining heirs, at which the question of the insufficiency of funds on hand wherewith to carry out the option with the Fleissner Realty Company were discussed. Now I am satisfied, and find as a fact from the credible evidence produced before me, that it was agreed at that conference that the defendants, Sadie H. Eisenberg, and her husband, Morris, should advance the money and take title to the premises and hold the same thereafter for the benefit of the heirs until sale or condemnation, when the proceeds were to be distributed among the heirs precisely as set forth in the agree-

ment in evidence in this cause under date of November 10th, 1928, entered into between the parties, the specific performance of which is sought by the complainants in this suit.

"The defendants, Sadie H. Eisenberg, and her husband, in advance of the written agreement of November 10th, 1928, and in pursuance of the verbal agreement, took title and paid $14,700 in cash and executed a bond and mortgage to the Fleissner Realty Company for the balance of $22,500. When the agreement in writing of November 10th, 1928, was prepared, the Eisenberg's submitted same to their counsel, Mr. Horace London, a member of the bar of New York, who in turn advised with Mr. I. H. Brand, a New Jersey lawyer, and as a result certain changes were suggested and adopted and the contract redrafted and signed by the complaining executors and all the heirs, and forwarded for signature to the Eisenbergs. In a letter dated February 15th, 1929, written by Mr. London to the defendant Morris Eisenberg, he says that he is returning to Eisenberg 'the second draft of the agreements. Since you have failed to send me back the marked-up copy of the old draft, I find it very hard to determine whether all the changes suggested by me in the memorandum sent you with my letter of January 12th, 1929, have been adopted. I believe, however, that most of them have been adopted.' He says in the letter that after going over the corrected draft he found two places where his suggestions had not been fully adopted and that he made the necessary corrections in ink at paragraphs 6 and 8. The agreement, however, was not signed by the Eisenbergs nor was it returned to the complainants. It was produced by the defendants Eisenbergs at the hearing before me upon notice, and contains the changes in ink in the paragraphs mentioned, which changes have no bearing upon the substance of the agreement. It is clear that the minds of the parties met and that all the terms of the agreement were fully understood and partly performed, for not only was the title taken in the name of the Eisenbergs and the purchase-money mortgage given as above mentioned, but upon its maturity, six months later, the Eisenbergs executed a new mortgage to the Pilgrim Building and Loan

Association for $30,000, the proceeds of which were used in payment of the purchase-money mortgage. Since the title as taken by them, they have collected the rents and paid the taxes.

The defendants Eisenbergs filed answer and counter-claim and pray that the deed for the premises in question be declared to be a mortgage for the amount of money advanced.

"The testimony and my observation of the witnesses before me leads me to the conclusion that the position now taken by the Eisenbergs that the deed to them was security only for the money advanced, and should therefore be decreed to be a mortgage, is an afterthought due to the fact that the hope entertained at the time of the making of the agreement that the state highway commission would take title to the property did not materialize, plus the economic changes in the meantime.

"The counter-claim is dismissed and decree will be entered for complainants for specific performance."

*Mr. Laurance Semel* and *Mr. Irving W. Teeple,* for the appellants.

*Mr. David Yonneff* and *Mr. George H. Rosenstein,* for the respondents.

PER CURIAM.

The decree appealed from will be affirmed, for the reasons expressed in the opinion filed by Vice-Chancellor Stein, in the court of chancery.

*For affirmance*—THE CHIEF-JUSTICE, TRENCHARD, PARKER, LLOYD, CASE, BODINE, DONGES, HEHER, PERSKIE, VAN BUSKIRK, KAYS, HETFIELD, DEAR, WELLS, JJ. 14.

*For reversal*—None.